IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THENI GURU KRISHNA TEXTILE MILLS (P), LTD., <br>    Plaintiff, <br>       v. <br> THE WORLD'S GLOBAL SOURCE, LLC, et al., <br>    Defendants. | CIVIL ACTION FILE <br> NO. 1:15-CV-1855-TWT |

**OPINION AND ORDER**

This is a declaratory judgment action. It is before the Court on the Defendants The World's Global Source, LLC and Michael Bernstein's Motion to Dismiss [Doc. 3]. For the reasons set forth below, the Motion to Dismiss [Doc. 3] is GRANTED.

**I. Background**

The Plaintiff Theni Guru Krishna Textile Mills (P), Ltd. is an Indian corporation, with its principal place of business in Tamil Nadu, India.[1] The Defendants are The World's Global Source, LLC, an American company, with its principal place of business in Roswell, Georgia and its president, Michael Bernstein.[2]

---

[1]   Compl. ¶ 10.

[2]   Id. ¶¶ 11, 13.

The Plaintiff and The World's Global Source were engaged in a supplier/customer relationship through which The World's Global Source acted as a broker between the Plaintiff and companies buying the Plaintiff's textiles.[3] The Plaintiff alleges that The World's Global Source failed to pay it for its textile orders.[4] As a result, on January 14, 2015, The World's Global Source through its president, executed a "Corporate Guaranty," agreeing to make payments to the Plaintiff.[5] The Plaintiff asserts that the Corporate Guaranty is a secured note, entitling it to collateral, but that The World's Global Source refuses to provide any collateral.[6] Moreover, the Plaintiff alleges that The World's Global Source has missed two payments under the Corporate Guaranty, and that the Plaintiff anticipates future harm because of these missed payments if it is unable to obtain collateral.[7] The Defendants move to dismiss, arguing that the Plaintiff lacks standing.

## II. Legal Standard

---

[3] Id. ¶¶ 1-2.

[4] Id. ¶ 4.

[5] Id. ¶¶ 6-7.

[6] Id. ¶¶ 18, 20.

[7] Id. ¶ 24.

It "is extremely difficult to dismiss a claim for lack of subject matter jurisdiction."[8] Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks.[9] Facial attacks "on the complaint require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[10] Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[11] When a defendant is making a facial attack, the "plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true."[12]

---

[8]   Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997).

[9]   Id. at 1261.

[10]   Id. (internal quotation marks omitted).

[11]   Id. (internal quotation marks omitted).

[12]   Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

### III. Discussion

The Defendants move to dismiss the Plaintiff's declaratory judgment action for lack of subject matter jurisdiction. Specifically, the Defendants contend that there is no real and immediate controversy between the parties. "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'"[13] While the Supreme Court has acknowledged that its decisions "do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not,"[14] the basic inquiry "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[15] "Additionally, the continuing controversy may not be conjectural, hypothetical, or

---

[13] Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (citation omitted).

[14] MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007).

[15] Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."[16]

Here, the Plaintiff is seeking a declaration that the Corporate Guaranty is a secured note, entitling it to collateral or a lien. The Plaintiff "wishes to obtain collateral or otherwise secure the debt to protect it against future harm in the form of partial or total nonpayment."[17] Thus, the Plaintiff's future injury is contingent upon The World's Global Source's potential default on the Corporate Guaranty. However, for a declaratory judgment action to be a justiciable case or controversy, "[t]here must be a substantial likelihood that [the Plaintiff] will suffer future injury: a 'perhaps' or 'maybe' chance is not enough."[18] Moreover, by seeking a declaration that the Corporate Guaranty is a secured note, the Plaintiff is asking the Court to determine the validity of its position in a potential, future action. A declaratory judgment action "may not be made the medium for securing an advisory opinion in a controversy which has not arisen."[19]

---

[16]     Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103-05 (1983)).

[17]     Compl. ¶ 18.

[18]     Malowney, 193 F.3d at 1347.

[19]     Coffman v. Breeze Corp., 323 U.S. 316, 324 (1945).

Nevertheless, the Plaintiff points to its allegation that The World's Global Source has failed to make two scheduled payments as evidence of a definite threat of future injury. While the Court recognizes that the missed payments create a fear of default, this fear does not amount to a substantial likelihood of future injury.[20] The Plaintiff also cites Lord Abbett Municipal Income Fund, Inc. v. Southern Farms, Inc.[21] to support its argument. However, Lord Abbett does not help the Plaintiff. In Lord Abbett, the plaintiff sought a declaration that it had a superior lien in a mortgage, which would have resulted in the defendant's foreclosure being invalid.[22] The court denied the defendant's motion to dismiss for lack of subject matter jurisdiction, holding that if the plaintiff was a lienholder, then it had an actual controversy with the defendant.[23] Here, on the other hand, the Plaintiff is asserting a controversy exists based on a speculative injury – that The World's Global Source will default on the

---

[20] See Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000) ("There is at most a 'perhaps' or 'maybe' chance that the arbitration agreement will be enforced against these plaintiffs in the future, and that is not enough to give them standing to challenge its enforceability.").

[21] 1:12-CV-1099-WKW, 2014 WL 641763 (M.D. Ala. Feb. 19, 2014).

[22] Id. at *5.

[23] Id. at *6.

Corporate Guaranty. In total, the Plaintiff has failed to satisfy the "actual controversy" requirement of the Declaratory Judgment Act.[24]

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants The World's Global Source, LLC and Michael Bernstein's Motion to Dismiss [Doc. 3].

SO ORDERED, this 21 day of January, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[24] 28 U.S.C. § 2201.